UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SIMMONS; JAMES TRIPLETT; THERREL GATLING; AND PAUL GONZALES,<br><br>Plaintiffs,<br><br>v.<br><br>HONORABLE THOMAS B. MODLY, SECRETARY OF THE NAVY; US DEPARTMENT OF DEFENSE; DEPARTMENT OF THE NAVY, UNITED STATES NAVY DEPARTMENT, AND DOES 1 THROUGH 100 INCLUSIVE,<br><br>Defendants. | Case No.: 19-CV-1448 JLS (WVG)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION FOR A MORE DEFINITE STATEMENT**<br><br>(ECF No. 6) |

Presently before the Court are Defendants' Motion to Dismiss Plaintiffs' Complaint and for a More Definite Statement ("Mot.," ECF No. 6), Plaintiffs' Opposition to Defendants' Motion ("Opp'n," ECF No. 7), and Defendants' Reply to Plaintiffs' Opposition (ECF No. 8). After considering the Parties' arguments and the law, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion.

///

# BACKGROUND

Plaintiffs are physically disabled Navy veterans currently or formerly employed by Defendants as Police Officer Instructors. ECF No. 1, ("Compl.") ¶¶ 24–25, 70–71, 107–08, 139–40. Plaintiff Donald Simmons's last day of employment was March 22, 2019, *id.* ¶ 66, and Plaintiff James Triplett's last day of employment was February 21, 2019. *Id.* ¶ 103. Plaintiffs Therrel Gatling and Paul Gonzales remain employed by Defendants. *Id.* ¶¶ 5–6. Defendants, the Honorable Thomas B. Modly,[1] Secretary of the Navy, the United States Department of Defense, the United States Department of the Navy, and the United States Navy Department, were Plaintiffs' employers at all relevant times. *Id.* ¶ 7.

At the time of their hiring, Plaintiffs disclosed all medical conditions and physical disabilities to their employers. *Id.* ¶¶ 25, 71, 108, 140. Plaintiffs allege that, beginning in March 2012 and continuing throughout their employment, they experienced harassment, retaliation, discrimination, and a hostile work environment because of their age and physical disabilities. *Id.* ¶¶ 28, 72, 112, 141. During their employment, Plaintiffs complained to management about "various policy violations," *id.* ¶¶ 58, 95, 176, "violations of laws," *id.* ¶¶ 58, 95, 76, "hostile or unfair conditions in the work place," *id.* ¶ 58, a hostile work environment toward older and disabled workers, *id.* ¶¶ 58, 95, 176, "mistreatment of disabled workers," *id.* ¶ 58, "disability discrimination," *id.* ¶¶ 58, 95, "treating people differently because of their health history," *id.* ¶¶ 58, 95, "offensive and disrespectful treatment of older workers," *id.* ¶¶ 58, 95, 176, "the employer's negative perceptions of older injured workers," *id.* ¶ 58, "disparate treatment," *id.* ¶ 95, "mistreatment in the workplace," *id.* ¶ 135, and "other violations of laws, statutes or ordinances." *Id.* ¶¶ 58, 95, 176. Plaintiffs Simmons, Triplett, and Gonzales also sought assistance from their union. *Id.* ¶¶ 33, 64, 77, 88, 145.

---

[1] At the time of filing of the Complaint, the Honorable Richard V. Spencer was Secretary of the United States Department of the Navy and was therefore named as a Defendant. Secretary Spencer has since been succeeded by the Honorable Thomas B. Modly. Accordingly, Acting Secretary Modly is "automatically substituted" as the named Defendant. Fed. R. Civ. P. 25(d).

According to the Complaint, Plaintiffs "timely and properly initiated and participated in the employer's EEO process" and "exhausted their administrative remedies." *Id.* ¶¶ 20, 67, 104, 136, 162. In 2013, Plaintiffs Simmons and Gonzales filed EEO complaints "alleging mistreatment, discrimination[,] and harassment in the workplace." *Id.* ¶¶ 41, 151. Plaintiffs' grievances were not resolved through the EEO process. *Id.* ¶¶ 20, 67, 104, 136, 162.

On August 1, 2019, Plaintiffs filed this action against Defendants. *See generally id.* Plaintiffs bring eighteen causes of action: (1) disparate treatment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) hostile work environment in violation of Title VII; (3) retaliation under Title VII; (4) discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"); (5) violation of Title I of the Americans with Disabilities Act of 1990 ("ADA"); (6) violation of sections 102 and 103 of the Civil Rights Act of 1991; (7) violation of the Rehabilitation Act of 1973; (8) violation of ADA regulations; (9) wrongful termination in violation of Title VII; (10) disability discrimination under the California Fair Employment and Housing Act ("FEHA"); (11) failure to provide reasonable accommodation under the FEHA; (12) failure to engage in the interactive process under the FEHA; (13) wrongful termination in violation of public policy; (14) retaliation under the FEHA; (15) age discrimination under the FEHA; (16) disparate treatment under the FEHA; (17) intentional infliction of emotional distress ("IIED"); and (18) violation of California Labor Code § 1102.5. *See generally id.* ¶¶ 181–254.

On November 26, 2019, Defendants filed the instant Motion. *See generally* Mot. Defendants move to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) all causes of action except Plaintiffs' seventh cause of action for violation of the Rehabilitation Act. *Id.* In addition, Defendants request that all references to punitive damages be dismissed, *see id.* at 22, along with Plaintiffs' request for compensatory damages under the ADEA. *Id.* at 22–23. Lastly, Defendants move to dismiss all Defendants except the Honorable Thomas B. Modly, Secretary of the Navy. *Id.* at 21–22.

Defendants also move for a more definite statement under Federal Rule of Civil Procedure 12(e) of the Plaintiffs' Rehabilitation Act claim. *See id.* at 23–24.

## LEGAL STANDARDS

### I.     12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction, and as such have an obligation to dismiss claims for which they lack subject-matter jurisdiction. *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983). Rule 12(b)(1) motions may challenge jurisdiction facially or factually. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations, that, by themselves, would otherwise invoke federal jurisdiction." *Id.* In resolving factual attacks on jurisdiction, the district court "need not presume the truthfulness of the plaintiff's allegations." *Id.*

### II.    12(b)(6) Motion to Dismiss for Failure to State a Claim

A 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The pleading standard requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, however, the claim to relief must be "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although a complaint need not contain "detailed factual allegations," it must provide more than "'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555–57). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *See Twombly*, 550 U.S. at 555.

When considering a 12(b)(6) motion, the court must accept all material allegations of the complaint and "construe[ them] in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not assume the truth of "legal conclusions" or "assume that 'the [plaintiff] can prove facts that

[he or she] has not alleged.'" *Naigan v. Nana Servs., LLC*, No. 12-cv-2648 BAS (NLS), 2015 WL 300368, at *1 (S.D. Cal. Jan. 22, 2015) (alterations in original) (citing *Assoc. Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983)). Dismissal may be based on the absence of a cognizable legal theory, or failure to allege sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). Upon dismissal, the district court should grant leave to amend unless "the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III. 12(e) Motion for a More Definite Statement

District courts possess broad authority to relieve defendants of "the burden of responding to a complaint with excessive factual detail." *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1132 (9th Cir. 2008). Rule 12(e), however, provides that a party may move for a more definite statement only when a pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). A Rule 12(e) motion is appropriate if the complaint "is so indefinite that the defendant cannot ascertain the nature of the claim being asserted." *C.B. v. Sonora Sch. Dist.*, 691 F. Supp. 2d 1170, 1191 (E.D. Cal. 2010). The motion must be denied if the complaint is sufficiently specific to notify the defendant of the substance of the cause of action. *Id.* The court may also deny a Rule 12(e) motion if the detail being sought is obtainable through discovery. *Id.*

## DISCUSSION

### I. Motion to Dismiss

#### A. Title VII Disparate Treatment and Wrongful Termination Claims (First and Ninth Causes of Action)

Plaintiffs bring their first and ninth causes of action for disparate treatment and wrongful termination in violation of Title VII, 42 U.S.C. §§ 2000e, *et seq. See* Compl. ¶¶ 181–91, 215–18. Plaintiffs allege that their ages, medical conditions, and physical disabilities were "either the sole reason or a motivating factor" for adverse employment actions against them, including their eventual terminations. *Id.* ¶¶ 184–85, 216.

Title VII prohibits employment discrimination based on an "individual's *race, color, religion, sex, or national origin*." 42 U.S.C. § 2000e-2(a)(1) (emphasis added). To establish a prime facie case for disparate treatment under Title VII, a plaintiff must show that "(1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal. Davis, Bd. of Trs.*, 225 F.3d 1115, 1123–24 (9th Cir. 2000). Similarly, to establish a prima facie case for wrongful termination under Title VII, a plaintiff must show that "(1) he was a member of a protected class; (2) he was performing his job in a satisfactory manner; (3) he suffered an adverse employment action; and (4) other similarly-situated employees who were not members of the protected class were treated more favorably." *Johnson v. Boys & Girls Clubs of Puget Sound*, 191 Fed. App'x. 542, 544–45 (9th Cir. 2006).

Here, Plaintiffs fail to allege membership of a protected class. Instead, they allege that Defendants engaged in adverse employment actions based on Plaintiffs' "respective medical conditions and physical disabilities and . . . respective ages." Compl. ¶ 183. Medical conditions, physical disabilities, and age are not protected under Title VII. *See Ross v. Padres LP*, No. 17-CV-1676 JLS (JLB), 2018 WL 3126114, at *6 (S.D. Cal. June 25, 2018) (dismissing Title VII claims where the plaintiff alleged discrimination based on medical status and age); *Montanez v. Educ. Tech. Coll.*, 660 F. Supp. 2d 235, 243 (D.P.R. 2009) (dismissing claims brought under Title VII for discrimination based on age and disability, "neither of which are protected classes under Title VII"). Thus, Plaintiffs have failed to state a claim for disparate treatment or wrongful termination under Title VII. The Court therefore **GRANTS** Defendants' Motion as to Plaintiffs' first and ninth causes of action and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims for disparate treatment and wrongful termination under Title VII.

### B. *Title VII Hostile Work Environment Claim (Second Cause of Action)*

In their second cause of action for hostile work environment, Plaintiffs allege Defendants harassed and mistreating them in the work place on the basis of their ages,

medical conditions, and physical disabilities, which created a hostile work in violation of Title VII. *See* Compl. ¶ 189.

To establish a prima facie case of hostile work environment, the plaintiff must show that "(1) Defendant subjected him to verbal or physical conduct because of his protected characteristic; (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive to alter the conditions of his employment and create an abusive working environment." *Gipaya v. Dept. of the Air Force*, 345 F. Supp. 3d 1286, 1297 (D. Haw. 2018) (citing *Surrell v. Cal. Water Servs. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008)). Here, Plaintiffs allege that "ageist attitudes and hostility against injured and disabled older workers . . . created a hostile work environment." Compl. ¶ 189. Again, Plaintiffs attempt to bring a Title VII claim based on their membership in classes that are not protected by Title VII. Because Plaintiffs have failed to allege membership of a protected class, they cannot establish the first element of a hostile work environment claim. Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' second cause of action and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claim for hostile work environment under Title VII.

### C. *Title VII Retaliation Claim (Third Cause of Action)*

Plaintiffs bring their third cause of action for retaliation in violation of Title VII. *See generally* Compl. ¶¶ 192–95. Plaintiffs contend that Defendants subjected them to adverse employment actions because Plaintiffs participated in activities protected under Title VII, including "their opposition to unlawful employment practices." *Id.* ¶ 193.

Title VII prohibits discrimination against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e-3(a). To state a prima facie case of retaliation, a plaintiff must show that "(1) [he] engaged in a protected activity, (2) [he] suffered an adverse employment action, and (3) there was a causal link between [his] protected activity and the adverse employment action." *Poland v. Chertoff*, 494 F.3d 1174,

1179–80 (9th Cir. 2007). Defendants argue that Plaintiffs Triplett and Gatling failed to establish the first element of a retaliation claim, *see* Mot. at 11–12, while Plaintiffs Gonzales and Simmons failed to establish the third element. *See id.* at 13. The Court is not convinced that any of the Plaintiffs have established the first element.

The first element of a retaliation claim is satisfied if the plaintiff (1) has opposed an employment practice made unlawful under Title VII; or (2) has participated in a proceeding under Title VII. *Brophy v. Day & Zimmerman Hawthorne Corp.*, 799 F. Supp. 2d 1185, 1199 (D. Nev. 2011) (citing 42 U.S.C. § 2000e-3(a)). Under the opposition clause, the employment practice need not actually be unlawful, as long as the plaintiff's opposition is based on a "reasonable belief" that the practice is unlawful. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1988) (internal quotation marks omitted). "The opposition clause, by its terms, protects only those employees who opposed what they reasonably perceive as discrimination *under the Act*." *Learned v. City of Bellevue*, 860 F.2d 928, 932 (9th Cir. 1988). As to the participation clause, mere participation in an investigation or proceeding involving charges of discrimination does not trigger a claim for retaliation unless the underlying discrimination may "reasonably [be] perceived as discrimination prohibited by Title VII." *Id.*

The Complaint alleges generally that Plaintiffs "participated in activities protected under federal law [i.e., filing a discrimination complaint, initiating the EEO process, objecting to mistreatment in the work place, filing a complaint for mistreatment due to medical conditions and physical disabilities, union activities, and other whistleblowing]." Compl. ¶ 193. From this language, it is unclear whether Plaintiffs seek to invoke the opposition or participation clause; regardless, Plaintiffs have failed to establish that they engaged in a protected activity under either clause.

> 1. *Opposition Clause*

Plaintiff Triplett alleges that:

> On numerous occasions during his employment with defendants, the plaintiff complained to management about various policy

> violations, violations of laws, statutes or ordinances as to conditions in the work place, the hostile environment which existed toward older injured or disabled workers, mistreatment of older injured or disabled workers, disability discrimination, treating people differently because of their health history, including offensive and disrespectful treatment of older workers, [and] disparate treatment, among other violations of laws, statutes or ordinances.

*Id.* ¶ 95. Plaintiff Simmons makes an almost identical allegation, stating that he made numerous complaints about "the mistreatment of disabled workers, disability discrimination, treating people differently because of their health history, offensive and disrespectful treatment of older workers, [and] the employer's negative perceptions of older injured workers." *Id.* ¶ 58. Similarly, Plaintiff Gonzales alleges that he "complained to ownership, supervisors and management about various policy violations, violations of laws, statutes or ordinances as to conditions in the work place, [and] the hostile environment which existed toward older disabled workers, including offensive and disrespectful treatment of older disabled workers, among other violations of laws, statutes or ordinances." *Id.* ¶ 176. Finally, Plaintiff Gatling alleges that "he voiced the foregoing complaints about violations of law, [and] mistreatment in the work place." *Id.* ¶ 135.

  Plaintiffs fail to demonstrate any belief that the employment practices they opposed were made unlawful by Title VII. Other than Gatling, who alleges only generally that he complained about "mistreatment in the work place," Plaintiffs specifically allege that they complained about the mistreatment of older and disabled workers—classes that are not protected by Title VII. Moreover, Gatling's vague statement referring to "the foregoing complaints" suggests that he also exclusively opposed mistreatment of older and disabled workers, as most of his factual allegations pertain to age and disability discrimination. *See generally id.* ¶¶ 106–37. The Court therefore finds that the opposition to employment practices alleged by Plaintiffs does not constitute protected activity under Title VII.

///

///

      *2. Participation Clause*

Plaintiffs all allege that they "timely and properly initiate[d] and participate[d] in the employer's EEO process." Compl. ¶¶ 67, 104, 136, 162. Plaintiffs Simmons and Gonzales additionally allege that they filed EEO complaints in 2013 "alleging mistreatment, discrimination and harassment in the workplace." *Id.* ¶¶ 41, 151. Plaintiffs Simmons, Triplett, and Gonzales further allege that they engaged in union activities. *Id.* ¶¶ 33, 64, 77, 88, 145.

As with their opposition claims, none of the Plaintiffs assert that their participation in the EEO process pertained in any way to Title VII. Indeed, the absence of any allegations that Plaintiffs belonged to a protected class under Title VII suggests the contrary. Given the extensive allegations that Defendants discriminated against Plaintiffs based on their ages and disabilities, *see, e.g.*, *id.* ¶¶ 38, 52–54, 58, 91, 95, 99, 132, 163, 174, 176, and without specific allegations otherwise, the Court can only assume that Plaintiffs brought only age and disability discrimination claims to the EEOC. Without a reasonable belief that Defendants' conduct was unlawful under Title VII, Plaintiffs' participation in the EEO process is insufficient to establish the first element of retaliation. And as for Plaintiffs Simmons, Triplett, and Gonzales, specifically, their allegations that they engaged in union activities fail because union activity is also not a protected action. *See Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1298 (N.D. Cal. 2020). Because Plaintiffs have failed to establish that they engaged in protected activities, the Court **GRANTS** Defendants' Motion as to Plaintiffs' third cause of action and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claim for Title VII retaliation.

  D. *ADEA Claim (Fourth Cause of Action)*

Plaintiffs bring their fourth cause of action under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.*, alleging that they were subjected to employment discrimination based on age. *See* Compl. ¶¶ 196–99. Plaintiffs assert that they were each over 40 years old at the time Defendants subjected Plaintiffs to adverse employment actions and, but for Plaintiffs' ages, Defendants would not have engaged in

these actions. *Id.* ¶ 197. Plaintiffs seek compensatory and punitive damages, costs, and attorney's fees. *Id.* ¶ 191.

The ADEA makes it unlawful for an employer to "discharge . . . or otherwise discriminate against any individual with respect to his compensation terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623. A federal employee seeking to bring an ADEA claim in federal court has two options. Under the first option, a plaintiff may file an administrative action with the EEOC and wait 180 days or wait for a final agency determination before bringing an action in district court. *Forester v. Chertoff*, 500 F.3d 920, 924 (9th Cir. 2007). Under the second option, a plaintiff may bypass administrative proceedings by filing a notice of intent to file a civil action with the EEOC within 180 days of the discriminatory conduct, and then wait 30 days before filing the action directly in district court. *Id.* Satisfying one of these options is a prerequisite to bringing a civil action in district court. *Sisco v. Jewell*, No. CV 14-08057 PCT MEA, 2015 WL 11182028, at *5 (D. Ariz. Jan. 29, 2015).

Plaintiffs allege generally that they complied with the EEO process, *see* Compl. ¶ 20, but do not specifically allege that they pursued either prerequisite option. Defendants assert that Plaintiffs did not allege age discrimination in their initial EEO contacts and formal EEO complaints and, therefore, Plaintiffs have not exhausted their administrative remedies. *See* Mot. at 14–16. In support of this assertion, Defendants direct the Court to Plaintiffs' EEO complaints attached to their Motion.[2] *See* ECF No. 6-3.

---

[2] Plaintiffs urge the Court not to consider these Exhibits when assessing the sufficiency of the Complaint. *See* Opp'n at 5–6. Ordinarily, a court may not consider extra-pleading materials without converting a 12(b)(6) motion into a motion for summary judgment. Fed. R. Civ. P. 12(d). In ruling on a 12(b)(6) motion, however, Courts may consider extra-pleading documents where the contents of the documents are alleged in the complaint and the authenticity of the documents is not in question. *See Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). For example, in *Cloud v. Brennan*, 436 F. Supp. 3d 1290, 1303 (N.D. Cal. 2020), the court took judicial notice of official records of EEO proceedings to determine whether the plaintiff had administratively exhausted her discrimination claim because the documents were referenced in plaintiff's supplemental affidavit and were "likely essential to [the plaintiff's] claims." Here, Plaintiffs reference their EEO proceedings numerous times throughout the complaint, Compl. ¶¶ 20, 41, 59, 67, 96, 104, 129, 136, 151, 162, 171, 179, and neither party disputes the authenticity of the Exhibits. Accordingly, the Court **GRANTS** Defendants' request and takes judicial notice of those Exhibits.

In their initial contacts, Plaintiffs checked only "Physical Disability" as the basis of their complaint, leaving the box for "Age" unchecked. *See* Mot. Exs. 1, 11, 19, 27. In their formal EEO complaints, Plaintiffs again left "Age" unchecked as to the basis of the complaint, and proceeded instead on theories of physical disability discrimination and reprisal. *See id.* Exs. 2, 12, 20, 28. Having reviewed these documents, the Court finds that Plaintiffs have not exhausted their administrative remedies. *See, e.g.*, *Leong v. Potter*, 347 F.3d 1117, 1122 (9th Cir. 2003) (finding plaintiff failed to exhaust administrative remedies because his claim "relie[d] on a different theory and a different statute than his other claims," and noting that finding otherwise "would reduce the exhaustion requirement to a formality"). Plaintiffs also do not allege anywhere in the Complaint that they filed a notice of intent to sue, *see generally* Compl., so they have not satisfied their prerequisite for bypassing administrative proceedings. Accordingly, Plaintiffs' ADEA claim must be dismissed.[3]

The Court therefore **GRANTS** Defendants' Motion as to Plaintiffs' fourth cause of action and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' ADEA claims.

### E.     *ADA Claims (Fifth and Eighth Causes of Action)*

Plaintiff's fifth and eighth causes of action assert that Plaintiffs are entitled to recovery under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, because Defendants discriminated against Plaintiffs on the basis of Plaintiffs' disabilities. *See generally* Compl. ¶¶ 200–03, 211–14. Defendants assert that the federal government is not subject to suit under the ADA, *see* Mot. at 16, and request dismissal for lack of jurisdiction and failure to state a claim. *See id.* at 17. In response, Plaintiffs voluntarily dismiss their

---

[3] Defendants also request that the Court dismiss all references to compensatory and punitive damages under the ADEA claim. *See* Mot. at 22–23. Compensatory and punitive damages are not available under the ADEA. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1059 (9th Cir. 2009). Under the ADEA, a plaintiff may only seek "'judgments compelling employment, reinstatement, or promotion,' the recovery of unpaid minimum wages or overtime pay, and reasonable attorneys' fees and costs." *Id.* (citing 29 U.S.C. §§ 216(b), 626(b)). For this reason, all references to compensatory and punitive damages under these claims are likewise dismissed.

fifth and eighth causes of action against Defendants. *See* Opp'n at 23. Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' fifth and eighth causes of action and **DISMISSES** Plaintiffs' claims under the ADA.

### F. Civil Rights Act of 1991 Claim (Sixth Cause of Action)

Plaintiffs bring their sixth cause of action for violation of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981 and 1981a. *See generally* Compl. ¶¶ 204–06. Plaintiffs assert that Defendants' unlawful employment practices directly caused Plaintiffs to suffer economic and non-economic damages and, therefore, Plaintiffs are entitled to compensatory and punitive damages under § 1981 and §1981a. *Id.* ¶¶ 205–06. Defendants move to dismiss this cause of action on the grounds that § 1981 and § 1981a do not create independent causes of action. *See* Mot. at 17. Defendants further assert that Plaintiffs are not entitled to punitive damages for their claims under Title VII, the Rehabilitation Act, and the ADEA, so they cannot recover such damages under § 1981 and § 1981a. *Id.* at 17–18.

Defendants are correct that Plaintiffs' sixth cause of action fails because these sections do not create an independent cause of action. *See Chiang v. Gonzales*, No. CV 05-03273 MMM (Ex), 2005 WL 8168158, at *13 (E.D. Cal. Dec. 7, 2005). According to the "plain language of the statute . . . [§ 1981a] merely provides an additional remedy for 'unlawful intentional discrimination . . . prohibited under . . . 42 U.S.C. § 2000e-2 or 2000e-3.'" *Huckabay v. Moore*, 142 F.3d 233, 241 (5th Cir. 1998) (citing 42 U.S.C. §1981a(1)(1)); *see also Daniels v. Donahoe*, 901 F. Supp. 2d 1238, 1246–47 (D. Haw. 2012) (dismissing plaintiff's §§ 1981 and 1981a claims because "neither statute creates a cause of action against federal employees being sued in their official capacities").

Plaintiffs themselves concede that these sections do not provide an independent cause of action, but they argue that they can rely on § 1981a to recover additional remedies for their Rehabilitation Act claim. *See* Opp'n at 19–21. Indeed, remedies for violations of the Rehabilitation Act are governed by §1981(a)(2). *McCoy v. Dept. of the Army*, No. CIV. S-09-1973 LKK/CMK, 2011 WL 6749806, at *3 (E.D. Cal. Dec. 22, 2011). Accordingly,

Plaintiffs may seek compensatory damages within the limits established in §1981a pursuant to their Rehabilitation Act claim. *See* 42 U.S.C. §1981a(b).

Plaintiffs, however, mistakenly assert that § 1981a(2) allows them to recover punitive damages against Defendants. *See* Opp'n at 20. Plaintiffs overlook § 1981a(b)(1), which provides that "[a] complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*)." (emphasis added). Because Defendants are government entities, Plaintiffs cannot recover punitive damages from Defendants under § 1981a.

For the reasons stated above, the Court **GRANTS** Defendants' Motion as to Plaintiffs' sixth cause of action and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims under §§ 1981 and 1981a. Plaintiffs may still recover compensatory, but not punitive damages, under § 1981a for their Rehabilitation Act claim.

### G. *FEHA and California Labor Code Claims (Tenth through Sixteenth and Eighteenth Causes of Action)*

In their tenth through sixteenth causes of action, Plaintiffs allege numerous violations of California's Fair Employment and Housing Act, Cal. Gov. Code §§ 12940 *et seq*. *See generally* Compl. ¶¶ 219–46. In their eighteenth cause of action, Plaintiffs allege a violation of California Labor Code section 1102.5. *Id.* ¶¶ 251–54. These state law claims are founded on the assertion that Defendants discriminated against Plaintiffs on the basis of age and physical disabilities. *See id.* ¶¶ 219–46, 251–54.

Defendants move to dismiss Plaintiffs' FEHA and California Labor Code claims because Defendants are protected by sovereign immunity. *See* Mot. at 18–20. As a sovereign, the United States is immune from suit unless it has "unequivocally expressed" a waiver of such immunity and consented to be sued. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985). A party cannot bypass sovereign immunity simply by naming officers and employees of the United States as defendants. *Id.* As the parties bringing suit against the federal government, Plaintiffs "bear[] the burden of showing an unequivocal waiver of immunity." *Baker v. United States*, 817 F.2d 560, 562 (9th Cir. 1987). "Waivers

of immunity must be strictly construed in favor of the sovereign." *United States v. Trident Seafoods Corp.*, 92 F.3d 855, 864 (9th Cir. 1996).

Plaintiffs assert that Congress waived the government's sovereign immunity in the Federal Tort Claims Act ("FTCA"). *See* Opp'n at 21–22. The FTCA gives district courts exclusive jurisdiction over civil actions "against the United States . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Plaintiffs do not cite any authority in support of their argument that the FTCA waives sovereign immunity for employment causes of action. *See* Opp'n at 23–24. The FTCA applies to tort causes of action; nothing in the plain language of the statute suggests that Congress intended to waive sovereign immunity in employment actions brought under state law.

Moreover, the Ninth Circuit has made clear that the ADEA "is the exclusive remedy for age discrimination claims by federal employees." *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1075 n.5 (9th Cir. 2009). Thus, Plaintiffs' "claims for discrimination and retaliation under state law fail and must be addressed under . . . the ADEA." *See Bernal v. U.S. Postal Serv.*, No. 120CV0829AWIJLT, 2020 WL 3453525, at *3 (E.D. Cal. June 24, 2020).

For these reasons, the Court **GRANTS** Defendants' Motion as to Plaintiffs' tenth through sixteenth, and eighteenth causes of action and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' FEHA and California Labor Code claims.

### H.   IIED Claim (Seventeenth Cause of Action)

Plaintiffs bring their seventeenth cause of action for Intentional Infliction of Emotional Distress, alleging that Defendants employment practices disproportionately impacted employees 40 years of age or older, including Plaintiffs, causing "economic and non-economic damages." *See* Compl. ¶¶ 247–50. Defendants argue that Plaintiff's IIED claim should be dismissed because Plaintiffs failed to exhaust their administrative remedies under the FTCA prior to filing suit. *See* Mot. at 20–21.

"The FTCA is the exclusive remedy for tortious conduct by the United States." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1992). In order to bring an FTCA claim against the United States, a plaintiff must first file his claim with an appropriate federal agency. *Jerves v. U.S.*, 966 F.2d 517, 519 (9th Cir. 1992). Although Plaintiffs allege generally that they have gone through the EEO process, *see* Compl. ¶ 20, they do not allege that their EEO proceedings contained any claim for IIED. *See generally id.* Plaintiffs do not even mention the FTCA in their Complaint, leaving the Court unable to assume that they complied with the FTCA's administrative procedures. Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiffs' seventeenth cause of action and **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims for IIED.

### I. *Claims against the Federal Agencies*

Defendants argue that the Secretary of the Navy is the only proper defendant in this case. *See* Mot. at 21. "[A]ctions based upon federal discrimination are to be brought against the director of the agency concerned." *White v. Gen. Servs. Admin.*, 652 F.2d 913, 916 n.4 (9th Cir. 1981) (citing 42 U.S.C. § 2000-e16(c)). Plaintiffs have agreed to amend their Complaint to reflect the Secretary of the Navy as the only defendant. Opp'n at 22. Accordingly, the Court **GRANTS** Defendants' Motion and **DISMISSES** all claims against the United States Department of Defense, the United States Department of the Navy, and the United States Navy Department, and DOES 1 through 100.

### II. Motion for a More Definite Statement

Defendants do not move to dismiss Plaintiffs' seventh cause of action under Rule 12(b)(6); instead, they move for a more definite statement under Rule 12(e). *See* Mot. at 23–24. Plaintiffs' seventh cause of action is for violation of sections 501 and 503 of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq. See generally* Compl. ¶¶ 207–09. The Rehabilitation Act protects qualified individuals with disabilities from being discriminated against because of such disabilities under programs receiving Federal financial assistance and programs conducted by an Executive agency. *See* 29 U.S.C. § 794.

///

Defendants request that the Court require Plaintiffs allege facts that, "at a minimum, identifies the specific allegations and claims being brought on behalf of each plaintiff." *Id.* at 24. Defendants contend that a more definite statement is necessary because preparing an answer to the operative Complaint "would impose an unreasonably onerous burden on Defendants." *See id.* at 23.

Plaintiffs' Complaint includes nearly 80 pages of factual allegations describing the events leading up to this litigation. *See generally* Compl. at 12–87. The Complaint separates factual allegations pertaining to each Plaintiff and provides dates for most of the alleged events. *See generally id.* Under the Rehabilitation Act cause of action, the Complaint states, "[t]he plaintiffs claim that their respective record of disability was the reason for the defendants' decision to discharge them or to otherwise engage in adverse employment actions towards each of them." *Id.* ¶ 94. From these allegations, Defendants can certainly "ascertain the nature of the claim." *See Sonora Sch. Dist.*, 691 F. Supp. 2d at 1191. Although the Complaint is lengthy and, at times, redundant, it is not "so vague or ambiguous" as to warrant a more definite statement. *See* Fed. R. Civ. P. 12(e). Accordingly, the Court **DENIES** Defendants' Motion for a more definite statement of Plaintiffs' seventh cause of action for violation of the Rehabilitation Act.

## CONCLUSION

For the reasons articulated above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion (ECF No. 6). Specifically, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' first, second, third, fourth, fifth, sixth, eight, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, seventeenth, and eighteenth causes of action. The Court **DISMISSES WITHOUT PREJUDICE** Defendants the United States Department of Defense, the United States Department of the Navy, and the United States Navy Department, and DOES 1 through 100 as to the remaining cause of action. The Court **DENIES** Defendants' Motion for a More Definite Statement as to seventh cause of action under the Rehabilitation Act. Plaintiffs **MAY FILE** an amended complaint within thirty (30) days of the electronic docketing of this

Order.  If Plaintiffs fail to file an amended complaint by that deadline, this case will proceed as to Plaintiffs' remaining cause of action.

**IT IS SO ORDERED.**

Dated:  August 18, 2020

Hon. Janis L. Sammartino
United States District Judge