UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD SIMMONS *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>MODLY *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 19-CV-1448-RSH(WVG)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE NOTICE AND APPLICATION TO PRECLUDE TRIAL TESTIMONY OF DEFENDANT'S RETAINED EXPERT WITNESS DOMINICK ADDARIO PHD OR IN THE ALTERNATIVE TO ORDER THE DEPOSITION OF DOMINICK ADDARIO PHD** |

　　　Pending before the Court is Plaintiffs' *Ex Parte* Notice and Application to Preclude Trial Testimony of Defendant's Retained Expert Witness Dominick Addario, or In the Alternative Order the Deposition to Take Place and to Modify the Pretrial Conference Order ("Ex Parte") (Doc. 64). Plaintiffs seek the preclusion of Defendant's retained expert witness Dominick Addario ("Dr. Addario") from presenting any testimony at trial or in the alternative, an order compelling Dr. Addario to deposition and granting thirty (30) additional days beyond the expert discovery deadline of June 24, 2022 to depose Dr. Addario. *Id.* Defendant filed timely filed its opposition brief. (Doc. No. 65.)

　　　Having reviewed the parties' briefing and exhibits lodged, the Court **DENIES**

Plaintiff's Ex Parte request to preclude the trial testimony of Dr. Addario, the request to compel Dr. Addario's deposition, and the request to modify the Scheduling Order.

## I. DISCUSSION

### a. Plaintiffs' Ex Parte Request Violates Civil Local Rules and Civil Chamber Rules

The Court finds Plaintiffs' Ex Parte violates the Civil Local Rules for the United States District Court for the Southern District of California and Civil Chambers Rules of William V. Gallo.

Local Rule 26.1 and Civil Chamber Rule IV govern the requirements for Parties seeking to engage in motions when Parties cannot resolve discovery disputes. Both Local Rule 26.1(a) and Civil Chamber Rule IV(A) set out a good faith meet and confer standard for all disputed issues. Specifically, Rule 26.1(a) and Civil Chamber Rule IV(A) require counsel practicing in different counties to meet and confer by telephone and "[u]nder no circumstances may counsel satisfy the 'meet and confer' obligation by only written correspondence." Civil Chamber Rules IV(E) states "[t]he Court will not accept motions pursuant to Federal Rules of Civil Procedure 16, 26 through 37 and 45 until counsel have met and conferred to resolve the dispute and participated in an informal teleconference with the Court. Strict compliance with these procedures is mandatory before the Court will accept any discovery motions." Additionally, ex parte proceedings are governed by Civil Chamber Rule VI, "[a]ppropriate *ex parte* applications may be made at any time after first contacting Judge Gallo's Research Attorney assigned to the case."

Plaintiff served a notice of deposition and request for production of documents for Dr. Addario on June 14, 2022. (Plaintiff's Brief "Pl.'s Br". at 1:28-2:2; Pl.'s Br., Exhibit B.) On June 21, 2022, Defendant objected to Dr. Addario's deposition notice and request for production of documents via written correspondence that was emailed to Plaintiffs' counsel. (Pl.'s Br., Exhibit C; Defendant's Brief "Def.'s Br." at 2:14-20.) Defendant's letter stated Dr. Addario would not appear for the noticed deposition due to his unavailability on June 24, 2022 along with any other date during that week. (Pl.'s Br., Exhibit C; Def.'s Br.

at 2:14-20.) Later that day, Plaintiffs' counsel's office emailed Defendant requesting depositions dates for Dr. Addario for any day and time that week, otherwise Plaintiffs' will move to exclude Dr. Addario from testifying at trial. (Pl.'s Br. at 2; Pl.'s Br., Exhibit D.) Twenty-one minutes later, Defendant's counsel replied via email reiterating Dr. Addario was not available any day during the week of June 21, 2022. (Pl.'s Br., Exhibit D.) Twenty minutes later on June 21, 2022, Plaintiffs' counsel emailed Defendant urging reconsideration as Plaintiffs' counsel would be moving to preclude Dr. Addario from testifying at trial. (Pl.'s Br., Exhibit D.) Three days later, on June 24, 2022 at 8:12 a.m. Plaintiffs' counsel emailed Defendant's counsel urging her to reconsider her position and stating an ex parte application to preclude Dr. Addario from testifying at trial would be filed unless Defendant responded by 10:00 a.m. or changed positions on this issue. (Pl.'s Br., Exhibit D.) On June 24, 2022, Defendant responded via email indicating Dr. Addario was unavailable for deposition. Two minutes later, Plaintiffs' counsel responded via email stating the Ex Parte would be filed. On June 30, 2022, Plaintiffs filed the Ex Parte currently pending before the Court. (Doc. No. 64.)

The Court finds neither Plaintiffs' counsel nor Defendant's counsel have complied with the meet and confer requirements set out by Local Rule 26.1(a) and Civil Chamber Rule IV(A). Both Parties communicated only by written correspondence, exchanging a total of seven emails over the course of four days. Both briefings fail to mention any instances where either counsel telephonically contacted the other party to discuss this dispute. The Parties did not contact the court to raise this dispute, instead Plaintiffs' counsel unilaterally filed the Ex Parte on June 30, 2022. Plaintiffs' counsel also failed to contact Judge Gallo's chambers prior to filing the Ex Parte, as Chamber Rule VI requires.

Notwithstanding the clear violations of the Civil Local Rules and Civil Chambers Rules conducted by both Plaintiffs and Defendant, the Court now turns to the other deficiencies existing in Plaintiffs' Ex Parte Application.

/ / /

/ / /

### b. Plaintiff's Deposition Notice Was Untimely Served

Rule 30(b)(1) of the Federal Rules of Civil Procedure ("Rule 30(b)(1)") requires a party seeking a deposition give "reasonable notice" of the deposition. Courts construe "reasonable notice" to be five days, **if** the deposition notice does not require production of documents at the deposition. *Millennium Labs, Inc. v. Allied World Assur. Co.,* 2014 WL 197744 at *2, n. 1 (S.D.Cal.2014), *Pac. Mar. Freight, Inc. v. Foster,* 2013 WL 6118410 at *2, n. 2 (S.D.Cal.2013). However, when the deposition notice requires production of documents at the deposition, Rule 30(b)(2) of the Federal Rules of Civil Procedure dictates "reasonable notice" is construed under Rule 34. Rule 34(b)(2) states that the party to whom a request for production of documents is directed must respond within 30 days after service of the request. *Ghosh v. Cal. Dept. of Health Services,* 50 F.3d 14 (9th Cir.1995).

Here, Plaintiffs' Deposition Notice of Dr. Addario ("Deposition Notice") was served on June 14, 2022 for a deposition to be taken on June 24, 2022. (Pl.'s Br., Exhibit B.) The time between June 14, 2022 and June 24, 2022 is ten days. If Plaintiff's Deposition Notice had not requested production of documents at depositions, it would have been timely. However, the Deposition Notice did include a request for production of documents, seeking thirty-two categories of documents to be produced at deposition. (Pl.'s Br., Exhibit B.) As Rule 34 requires a minimum of 30 days of notice, the ten days of notice provided by Plaintiffs' counsel clearly was neither timely nor reasonable. The unreasonableness of Plaintiffs' Deposition Notice is further highlighted by the notice's request for Dr. Addario's entire expert file to be produced three days before the deposition. This request further abridged the number of days for Defendant to produce this set of documents from ten days to seven days.

The Court finds the Deposition Notice failed to give "reasonable notice" and failed to comply with Rule 30(b)(1) and (2) and 34(b)(2). Plaintiffs' Deposition Notice thus was untimely served to Defendant.

/ / /

/ / /

### c. Good Cause Does Not Exist To Modify The Second Amended Scheduling Order

In determining whether to modify a scheduling order district courts consider the "good cause" standard set out by Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)"). Rule 16(b)(4) provides a schedule may be modified only for good cause and with the judge's consent. Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b). Finally, Civil Chamber Rule VII requires any party seeking continuances to seek approval "at the absolute earliest possible opportunity upon discovering the need for the continuance." The Ninth Circuit has also expressed the seriousness of deadlines set by the courts:

> In these days of heavy caseloads, trial courts ... routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusion of evidence ... If (Plaintiff) had been permitted to disregard the deadline ..., the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been altered as well. *Disruption to the schedule of the court and other parties is not harmless.* Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to. (emphasis added).

*Wong v. Regents of the University of California,* 410 F.3d 1052, 1060 - 1062 (9th Cir.2005).

The Court does not find good cause exists to modify the Second Amended Scheduling Order. Plaintiffs seemingly demonstrated a lack of urgency in serving and noticing Dr. Addario's deposition as the Court set all deadlines for expert discovery in its Second Amended Scheduling Order issued on February 23, 2022. The Second Amended Scheduling Order also set deadlines for the parties to exchange a list of all expert witnesses expected to be called at trial to present evidence, deadlines for expert designation, deadlines for written expert reports containing the information required by Fed. R. Civ. P. 26(a)(2)(B), and deadlines for supplemental expert reports. (Doc. No. 50.) The Second Amended Scheduling Order also ordered the independent medical examination ("IME") of Plaintiffs to be conducted in person at the office of Defendant's expert witness, Dr. Dominick Addario. (Doc. No. 50. at ¶ 2.)

On March 7, April 8, and April 14, 2022, Dr. Addario conducted IMEs of Plaintiffs Paul Gonzales, James Triplett, and Donald Simmons, respectively. (Def.'s Br. at 2; Declaration of Morgan Suder "Suder Decl." at ¶ 2.) On April 15, 2022, Defendant served Plaintiffs with Defendant's Designation of Expert Witnesses, which identified Dr. Addario as a retained expert witness. (Suder Decl. at ¶ 3.) On May 13, 2022, Defendant served Plaintiffs with Defendant's Expert Disclosures pursuant to the Court's Second Amended Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(B). (Suder Decl. at ¶ 4; Def.'s Br. at Exhibit 1.) These disclosures included the reports of Dr. Addario related to Plaintiffs Donald Simmons, Paul Gonzales, and James Triplett. *Id.* On May 27, 2022, Defendant served Plaintiffs with Defendant's Rebuttal Expert Disclosures pursuant to the Court's Second Amended Scheduling Order and Federal Rule of Civil Procedure 26(a)(2)(D)(ii). (Suder Decl. at ¶ 5; Def.'s Br. at Exhibit 2.) The rebuttal expert disclosures included the rebuttal reports of Dr. Addario related to Plaintiffs Donald Simmons, Paul Gonzales, and James Triplett. *Id.*

Despite having known the identity of Defendant's retained and non-retained expert

witnesses since April 15, 2022 and the identity of Defendant's rebuttal expert witnesses since May 27, 2022, Plaintiffs did not notice the deposition of Dr. Addario until June 14, 2022. Plaintiffs' Deposition Notice was served two months after Defendant's designation of expert witnesses. The Deposition Notice was also served three and a half months after Dr. Addario's IME of Plaintiffs Paul Gonzalez, James Triplett, and Donald Simmons. Plaintiffs' counsel had more than sufficient time to notice Dr. Addario's deposition long before the expert discovery deadline of June 24, 2022, particularly in light of the previous discovery conferences held by the Court on December 29, 2021, February 10, 2022, and February 22, 2022, where the Court reiterated the Parties' obligations to diligently proceed with discovery. Given the February 22, 2022 Status Conference where the Court reviewed and the Parties agreed to the June 24, 2022 expert discovery deadline, the Court would have expected the parties, especially Plaintiff, to react with far more alacrity than what was displayed here. Choosing instead to notice Dr. Addario's deposition ten days before the close of expert discovery, Plaintiffs now must face the consequence of their dilatory actions.

## II.   CONCLUSION

This is not the first instance where Plaintiffs have failed to abide by the Court's Scheduling Order deadlines. On May 23, 2022 the Court issued an Order pertaining to another Ex Parte Application submitted by Plaintiffs' counsel involving Plaintiffs' untimely requests to take the deposition of United States Navy Rear Admiral Babette Bolivar ("Admiral Bolivar") and former Navy employee Kimberly Bruce ("Ms. Bruce"). (Doc. No. 58.) In a similar fashion to this instant request, Plaintiffs' counsel did not raise the issue of additional time to depose Admiral Bolivar and Ms. Bruce until April 6, 2022, six days after the fact discovery cut-off of March 31, 2022. *Id.* Plaintiffs' counsel also failed to comply with the Court's Civil Chamber Rules as the deposition requests were raised with the Court for the first time during the April 6, 2022 Status Conference which was convened to discuss a separate request for continuance of the fact discovery deadline to depose Plaintiff Gatling. *Id.* During the Court's review of the discovery dispute and

determination of whether to allow additional time for Admiral Bolivar and Ms. Bruce's depositions, it came to light Plaintiffs' counsel also failed to comply with Chamber Rules as she did not jointly contact the Court to raise the disputes and instead emailed a law clerk who no longer was employed by the Court. *Id.*

The Court finds Plaintiffs' Ex Parte Application violates Local Rule 26.1(a) and Civil Chamber Rules IV and VI, Dr. Addario's Deposition Notice was untimely and unreasonably served, and good cause does not exist to modify the Scheduling Order. Accordingly, the Court **DENIES** Plaintiff's Ex Parte request to preclude the trial testimony Dr. Addario, the request to compel Dr. Addario's deposition, and the request to modify the Scheduling Order.

**IT IS SO ORDERED.**

DATED: July 25, 2022

Hon. William V. Gallo
United States Magistrate Judge